

DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
www.dlapiper.com

Elena Chkolnikova
elena.chkolnikova@dlapiper.com
T 973.307.3046
F 973.215.2810

*Partners Responsible for Short Hills Office:*
*Andrew P. Gilbert*
*Michael E. Helmer*

October 7, 2016
*VIA ECF AND EMAIL*
*(SULLIVANNYSDCHAMBERS@NYSD.USCOURTS.GOV)*

Honorable Richard J. Sullivan, U.S.D.J.
Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007

**Re:** **Evan Andrews v. Al Jazeera Media Network (AJMN), et al.**
**Civil Action No. 16-cv-06414 (RJS)**

Dear Judge Sullivan:

We represent Defendant Al Jazeera Media Network ("AJMN") in the above-referenced matter. Pursuant to Section 2.A of Your Honor's Individual Rules and Practices, we write to request a pre-motion conference in connection with AJMN's anticipated motion to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction and improper service.

On August 29, 2016, Plaintiff purported to serve AJMN with a copy of the Summons and Complaint on an agent in Florida. As discussed below, such service was defective, unauthorized, and improper. However, because Plaintiff purported to serve AJMN, on September 12, 2016 we requested an extension of time to answer or otherwise respond to the Amended Complaint on behalf of Defendants Al Jazeera America, LLC ("AJAM") and AJMN to investigate the allegations and to prepare, among other things, a motion to dismiss all claims against AJMN for lack of personal jurisdiction and failure to effect service of process. Plaintiff has since effectively acknowledged that the initial attempt at service was defective by filing, on October 5, 2016, a motion requesting the appointment of a special process server to serve AJMN in Qatar, where its principal place of business is located. Although that motion was granted, no service has yet been effected, and we are not authorized to accept service on behalf of AJMN.

### I. The Complaint Should Be Dismissed Against AJMN for Improper Service of Process

The Complaint against AJMN should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because AJMN has never been served with the Summons and Complaint. Although Plaintiff has filed an Affidavit of Service purporting to reflect that AJMN was served through an agent for service of process in Florida, AJMN is a Qatari corporation with a principal place of business in



Doha, Qatar, and does not have an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process in the United States.  As such, any alleged service on a purported agent in Florida was defective, unauthorized, and improper.

Because Plaintiff has failed to effect service on AJMN, the Complaint must be dismissed pursuant to Rule 12(b)(5).  See, e.g., Mende v. Milestone Tech., Inc., 269 F.Supp.2d 246, 252 (S.D.N.Y. 2003) (dismissing complaint because "service on the defendants was clearly improper").

## II.     The Complaint Should Be Dismissed Against AJMN for Lack of Personal Jurisdiction

Even if AJMN had been properly served, which it was not, Plaintiff's Complaint against AJMN should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because AJMN—a Qatari corporation that does not conduct business in New York—is not subject to either general or specific personal jurisdiction in New York.  In analyzing whether personal jurisdiction exists under New York law, the Court should follow a two-step process.  First, the Court must decide whether a statutory basis for personal jurisdiction exists under the New York Civil Practice Law and Rules ("CPLR"), specifically CPLR § 301 or § 302.  See, e.g., Thackurdeen v. Duke University, 130 F.Supp.3d 792, 798 (S.D.N.Y. 2015); see also J.L.B. Equities, Inc. v. Ocwen Fin. Corp., 131 F.Supp.2d 544, 547 (S.D.N.Y. 2001).  Second, if a statutory basis for jurisdiction exists under the CPLR, "the Court must conduct a constitutional inquiry to determine whether the existence of personal jurisdiction is consistent with the requirements of due process."  Ibid.

### A.     AJMN Is Not Subject To General or Specific Jurisdiction In New York

Plaintiff has failed to allege any facts to demonstrate that AJMN is subject to general jurisdiction in New York under CPLR §301. Under CPLR § 301, a court may exercise general jurisdiction over a non-domiciliary defendant if the defendant is "engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction."  Landoil Res. Corp. v. Alexander & Alexander Servs. Inc., 918 F.2d 1039, 1043 (2d Cir. 1990) (internal citations omitted). The U.S. Supreme Court has held that the relevant inquiry is "whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State."  Daimler AG v. Bauman, 571 U.S. —, 134 S. Ct. 746, 761 (2014). The Supreme Court has further explained that, other than in an "exceptional case," a foreign corporation will be subject to general jurisdiction *only* in "its formal place of incorporation or principal place of business."  Id. at 761, n.19.



Here, AJMN is neither incorporated in nor has its principal place of business in New York. Moreover, Plaintiff has failed to make any showing that this is an "exceptional case" that warrants an exception to the general rule. In fact, AJMN (1) does not conduct, and did not conduct at any relevant time, business in New York, (2) does not maintain an office in New York, (3) is not licensed or otherwise registered to do business in New York, (4) does not have a registered agent in New York or any New York officers, employees or agents, (5) does not own or rent any real property within New York, (6) does not have a bank account in New York, (7) does not have a New York phone listing, and (8) does not maintain any records in New York.

Plaintiff's sole basis for asserting jurisdiction over AJMN is his allegation that AJMN is the "parent company" of AJAM, which has its principal place of business in New York. Yet, "the mere presence of a subsidiary in New York does not establish the parent's presence in the state," absent any showing that the subsidiary is either an "agent" or a "mere department" of the foreign parent. J.L.B. Equities, Inc. v. Ocwen Fin. Corp., 131 F.Supp.2d 544, 549 (S.D.N.Y. 2001) (citing Volkswagenwerk AG v. Beech Aircraft Corp., 751 F.2d 117, 120 (2d Cir. 1984). Plaintiff here has made no such showing.

Similarly, Plaintiff has failed to allege any basis for the Court to exercise specific personal jurisdiction over AJMN under New York's long-arm statute, CPLR §302. To be subject to personal jurisdiction under CPLR § 302(a)(1), a foreign corporation must transact business within the state, and the claim against the foreign corporation must arise out of that business activity. J.L.B. Equities, supra, 131 F.Supp.2d at 550. AJMN does not currently, and did not at any time relevant to the action, conduct business in New York. Also, short of Plaintiff's wholly conclusory allegations that AJMN controls AJAM, he has asserted no facts tending to demonstrate that AJMN engaged in a single transaction within New York, let alone that AJMN had any connection to the alleged employment "transactions" that form the basis of his Complaint. See, e.g., Tsegaye v. Impol Aluminum Corp., 2003 WL 221743, *6 (S.D.N.Y. Jan. 30, 2003) (finding no basis for personal jurisdiction under CPLR § 302 where foreign corporation had no involvement in the transaction that was the subject of the action).

### B. The Exercise of Personal Jurisdiction over AJMN Would Be Inconsistent with Constitutional Due Process

In addition, even if Plaintiff could establish that a statutory basis for personal jurisdiction exists under the CPLR (and he cannot), the assertion of personal jurisdiction over AJMN would be inconsistent with constitutional due process. The due-process inquiry itself has two components: the "minimum contacts" inquiry and the "reasonableness" inquiry. To satisfy the minimum contacts requirement, the plaintiff must demonstrate that the defendant "purposefully availed itself" of the privilege of doing business in the forum state and could "reasonably



Honorable Richard J. Sullivan, U.S.D.J.
October 7, 2016
Page Four


anticipate being hauled into court there." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75, 105 S. Ct. 2174 (1985). Reasonableness, in turn, hinges on whether the assertion of jurisdiction comports with "traditional notions of fair play and substantial justice" and would be reasonable under the circumstances. See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Plaintiff here cannot meet his burden of establishing either the "minimum contacts" or the reasonableness prong. In light of the foregoing, AJMN respectfully requests a pre-motion conference in advance of its pre-answer motion to dismiss.

Respectfully Submitted,

DLA Piper LLP (US)


/s/Elena Chkolnikova
Elena Chkolnikova

cc:   Tahanie A. Aboushi, Esq. (counsel for plaintiff) (via ECF)
      Michael S. Hanan, Esq. (counsel for ISC) (via ECF)

EAST\133940850.1