UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
EVAN ANDREWS,                         :

    Plaintiff,                       :

  -against-                          :  INDEX NO.  1:16-CV-06414-RJS

AL JAZEERA MEDIA NETWORK              :
("AJMN"), AL JAZEERA AMERICA
("AJAM") AND INFINITY CONSULTING      :
SOLUTIONS ("ICS"),

    Defendants.                      :
------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
AL JAZEERA MEDIA NETWORK'S MOTION TO DISMISS THE AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2)**

**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey 07078
T: (973) 307-3046
F: (973) 215-2810

*Attorneys for Defendant*
*Al Jazeera Media Network*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF RELEVANT FACTS .................................................................................... 2

ARGUMENT ................................................................................................................................ 5

    The Complaint Should Be Dismissed Because AJMN Is Not Subject To Personal Jurisdiction In New York ................................................................................................ 5

        A.    There Is No Statutory Basis For Personal Jurisdiction Over AJMN Under the CPLR ........................................................................................... 6

            1.    Plaintiff Has Failed To Establish General Jurisdiction Under CPLR §301 ............................................................................ 6

            2.    Plaintiff Has Failed To Establish Specific Jurisdiction Under CPLR §302 ............................................................................ 9

        B.    The Exercise Of Personal Jurisdiction Over AJMN Would Be Inconsistent With Constitutional Due Process ........................................... 12

CONCLUSION ........................................................................................................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Asahi Metal Indus. Co. v. Superior Court,
   480 U.S. 102, 107 S. Ct. 1026 (1987) ................................................................................. 13

Bensusan Restaurant Corp v. King,
   125 F.3d 25 (2d Cir. 1997) ................................................................................................ 10

Burger King Corp. v. Rudzewicz,
   471 U.S. 462, 105 S. Ct. 2174 (1985) ................................................................................. 12

Daimler AG v. Bauman,
   571 U.S. —, 134 S. Ct. 746 (2014) ............................................................................... 6, 13

Gundlach v. IBM Japan, Ltd.,
   983 F.Supp.2d 389 (S.D.N.Y. 2013), aff'd 594 F. App'x 8 (2d Cir. 2014) .......................... 7

Int'l Shoe Co. v. Washington,
   326 U.S. 310 (1945) ....................................................................................................... 5, 12

J.L.B. Equities, Inc. v. Ocwen Fin. Corp.,
   131 F.Supp.2d 544 (S.D.N.Y. 2001) ................................................................. 5, 7, 10, 12

Jazini v. Nissan Motor Co.,
   148 F.3d 181 (2d Cir. 1998) ............................................................................................ 7, 9

Landoil Res. Corp. v. Alexander & Alexander Servs. Inc.,
   918 F.2d 1039 (2d Cir. 1990) .............................................................................................. 6

Mende v. Milestone Tech., Inc.,
   269 F.Supp.2d 246 (S.D.N.Y. 2003) ................................................................................... 5

Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,
   84 F.3d 560 (2d Cir. 1996) ........................................................................................... 12, 13

Meyer v. Bd. of Regents of Univ. of Oklahoma,
   No. 13 Civ. 3128 (CM), 2014 WL 2039654 (S.D.N.Y. May 14, 2014) (McMahon, J.) ...... 7

Schultz v. Safra Nat'l Bank of New York,
   377 F. App'x 101 (2d Cir. 2010) ..................................................................................... 5, 9

Volkswagenwerk AG v. Beech Aircraft Corp.,
   751 F.2d 117 (2d Cir. 1984) ............................................................................................ 7, 8

**STATUTES**

CPLR 302(a)(3) ...................................................................................................................10

CPLR §301.................................................................................................................... passim

CPLR §302.................................................................................................................5, 9, 11

CPLR §302(a)(1) ...................................................................................................................10

CPLR §302(a)(1)-(3) ...............................................................................................................9

CPLR §302(a)(2) ...................................................................................................................10

CPLR §302(a)(3) ...................................................................................................................11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(2)................................................................................................1, 5, 12, 14

United States Constitution ...................................................................................................13

Defendant Al Jazeera Media Network ("AJMN"), by and through its attorneys DLA Piper LLP (US), submits this memorandum of law in support of its motion to dismiss the Amended Complaint of Plaintiff Evan Andrews ("Plaintiff") for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## PRELIMINARY STATEMENT

Plaintiff, who claims to have been an employee of AJMN and Al Jazeera America, LLC ("AJAM"), has brought the present action asserting various claims sounding in contract and tort against three Defendants: (1) AJAM, (2) AJMN, and (3) Infinity Consulting Solutions, Inc. ("ICS"), a corporation through which "plaintiff was hired." The Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because there is no basis for this Court to exercise personal jurisdiction over AJMN.

AJMN is a Qatari corporation with a principal place of business in Doha, Qatar. AJMN (1) currently does not conduct, and did not conduct at any time relevant to this motion, any business in the State of New York, (2) does not maintain an office in New York, (3) is not licensed or otherwise registered to do business in New York, (4) does not have a registered agent in New York or any New York officers, employees or agents, (5) does not own or rent any real property within New York, (6) does not have a bank account in New York, (7) does not have a New York telephone listing, and (8) does not maintain any books or records in New York. For all intents and purposes, AJMN has no presence in New York. Plaintiff's conclusory and wholly speculative allegation in the Amended Complaint that AJMN is subject to the exercise of personal jurisdiction by this Court is based solely on the fact that AJAM is "a subsidiary of AJMN." This single fact is patently insufficient as a matter of law to show that AJMN is subject to personal jurisdiction in New York, and the factual allegations of the Complaint, including,

among other things, the admissions that Plaintiff worked in "AJAM's midtown headquarters," and that AJAM's CEO approved Plaintiff's hire and "mandated and chartered" the position offered to Plaintiff as a consultant to AJAM, plainly reflect that AJAM was a separate and distinct company from AJMN and not an agent or mere department of its foreign parent. Accordingly, the claims against AJMN should be dismissed.

## STATEMENT OF RELEVANT FACTS

Plaintiff alleges that he was an employee of Current TV from 2011 to 2013. (Amended Complaint ("Compl."), attached hereto to Chkolnikova Declaration, ¶¶20-23). Following AJMN's acquisition of Current TV in or around January 2013, Plaintiff was purportedly offered the position of Vice President of Digital Research and Media Insights at AJAM in June 2013, on the condition that he relocate from California to New York. (Compl. ¶¶23-28). Plaintiff accepted the offer of employment in August 2013. (Compl. ¶¶31). According to the Amended Complaint, Ehab Al Shihabi, AJAM's CEO at the time, approved Plaintiff's hire. (Compl. ¶¶33-34). During his employment at AJAM, Plaintiff asserts that "AJAM, its agents, employees and representatives," interfered with his ability to perform his work obligations and that on "multiple occasions Plaintiff contacted AJAM's HR department for clarification and guidance as to his role and obligations with AJAM." (Compl. ¶¶37, 39).

In December 2013, AJAM purportedly agreed to Plaintiff's request to relocate to California to work in AJAM's San Francisco office, but in January 2014 Plaintiff was allegedly informed that it could take months for Al Shihabi, AJAM's CEO, to approve the request to relocate. (Compl. ¶¶44-46). Plaintiff then resigned from his position in April 2014. (Compl. ¶¶48-49).

2

In or about January 2015, Plaintiff was offered "the position of Business Intelligence Consultant to work on the Business Intelligence ("BI") that was mandated and chartered by Al Shihabi," AJAM's CEO. (Compl. ¶53). In January 2015, Plaintiff was retained as a consultant to AJAM via a "ninety (90) day consulting arrangement" through a third-party agency, Defendant ICS, and went to AJAM's New York offices to begin his engagement on January 16, 2015. (Compl. ¶¶4; 51-54, 66). Plaintiff allegedly resigned from his position at AJAM in February 2015, and was then asked, after returning to California, to "continue to consult for AJAM while in California." (Compl. ¶¶70-75). Plaintiff agreed to remain a consultant to AJAM while in California, and was verbally offered full-time employment by HJ Chang, AJAM's Vice President of Human Resources, in May 2015. (Compl. ¶¶ 76-77). That offer was subsequently placed on hold as a result of the change in leadership at AJAM that occurred in May 2015. (Compl. ¶¶77-78). Plaintiff continued to perform freelance services for AJAM until September 2015, when his assignment ended. (Compl., ¶95). Plaintiff was not at any time an employee of AJMN. (Declaration of Mike Sokary ("Sokary Decl.") ¶8).

On or about August 12, 2016, Plaintiff commenced the instant action against AJMN, AJAM, and ICS, asserting various contract and tort claims arising out of the alleged wrongful conduct by Defendants.[1] Specifically, the Amended Complaint alleges that Defendants "altered the terms of Evan Andrews' work agreement including misleading Plaintiff as to his position and work obligations causing Plaintiff to unnecessarily uproot himself from California to New York, forego lucrative job offers with other companies, lose housing, and suffer economic damages."

---

[1] The Amended Complaint asserts eight causes of action: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) tortious interference with contract; (4) prima facie tort; (5) wrongful termination; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; and (8) promisory estoppel.

3

(Compl. ¶16). Plaintiff's allegations, even if accepted as true, fail to provide a basis for the existence of personal jurisdiction over AJMN.

Plaintiff purports to assert the same claims against AJMN, a Qatari corporation with a principal place of business in Qatar, as he does against AJAM, an American corporation with its principal place of business in New York. Plaintiff, however, has asserted no facts demonstrating that AJMN has any presence in New York, conducts any business in New York, plays any role in AJAM's operations in New York, or exercises any authority over AJAM's employees. Nor has Plaintiff alleged any facts showing that AJMN played any role whatsoever in any of the alleged conduct that Plaintiff challenges in this action.

While AJMN is randomly mentioned throughout the Amended Complaint, Plaintiff does not allege any specific facts showing that AJMN was in any way involved in the complained-of conduct. Plaintiff's conclusory allegations simply do not meet his pleading burden to establish personal jurisdiction over AJMN. To the contrary, AJMN has submitted a declaration demonstrating that it currently does not conduct, and did not conduct at any time relevant to this motion, any business in the State of New York; does not maintain an office in New York; is not licensed or otherwise registered to do business in New York, and does not have a registered agent in New York or any New York officers, employees or agents; does not own or rent any real property in New York; does not have a bank account in New York; does not have a New York telephone listing; and does not maintain any books or records in New York. (Sokary Decl. ¶¶5-6). AJMN and AJAM are two distinct corporate entities. (Sokary Decl. ¶7).

4

## ARGUMENT

### The Complaint Should Be Dismissed Because AJMN Is Not Subject To Personal Jurisdiction In New York

Plaintiff's Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because AJMN—a Qatari corporation that does not conduct business in New York—is not subject to personal jurisdiction in New York.

A court is obligated to dismiss an action against a defendant over whom it has no personal jurisdiction. See Fed. R. Civ. P. 12(b)(2); Mende v. Milestone Tech., Inc., 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003). On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the ultimate burden of showing that the court has jurisdiction over the defendant. Schultz v. Safra Nat'l Bank of New York, 377 F. App'x 101, 102 (2d Cir. 2010) (summary order). Conclusory allegations are insufficient to establish personal jurisdiction, and the court should not "draw argumentative inferences in the plaintiff's favor." See Mende, supra, 269 F.Supp.2d at 251 (internal citations and quotations omitted).

In analyzing whether personal jurisdiction exists under New York law, the Court should follow a two-step process. First, the Court must decide whether a statutory basis for personal jurisdiction exists under the New York Civil Practice Law and Rules ("CPLR"), specifically whether plaintiff has demonstrated the existence of either general jurisdiction under CPLR §301 or specific jurisdiction under §302. See, e.g., Thackurdeen, supra, 130 F.Supp.3d at 798; see also J.L.B. Equities, Inc. v. Ocwen Fin. Corp., 131 F.Supp.2d 544, 547 (S.D.N.Y. 2001). Second, if a statutory basis for jurisdiction exists under the CPLR, "the Court must conduct a constitutional inquiry to determine whether the existence of personal jurisdiction is consistent with the requirements of due process." Ibid. (citing Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)).

### A.  There Is No Statutory Basis For Personal Jurisdiction Over AJMN Under the CPLR

The Amended Complaint should be dismissed against AJMN because Plaintiff cannot establish that AJMN is subject to either general or specific personal jurisdiction under the CPLR.

#### 1.  Plaintiff Has Failed To Establish General Jurisdiction Under CPLR §301

Plaintiff has failed to allege facts to demonstrate that AJMN is subject to general jurisdiction in New York under CPLR §301.

Under CPLR §301, a court may exercise general jurisdiction over a non-domiciliary defendant if the defendant is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction."  See Landoil Res. Corp. v. Alexander & Alexander Servs. Inc., 918 F.2d 1039, 1043 (2d Cir. 1990).  The United States Supreme Court has held that the relevant inquiry is "whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State."  Daimler AG v. Bauman, 571 U.S. —, 134 S. Ct. 746, 761 (2014).  The Court has further explained that, other than in an "exceptional case," a foreign corporation will be subject to general jurisdiction *only* in "its formal place of incorporation or principal place of business."  Ibid. at 761, n.19; see also Thackurdeen, supra, 130 F.Supp.3d at 799.

Here, Plaintiff does not dispute that AJMN is a Qatari corporation with a principal place of business in Doha, Qatar.  Plaintiff has failed to make any showing that AJMN is "essentially at home" in New York, or that this is an "exceptional case" that warrants an exception to the general rule.  In fact, AJMN has submitted a declaration demonstrating that AJMN (1) does not conduct, and did not conduct at any relevant time, business in New York, (2) does not maintain an office in New York, (3) is not licensed or otherwise registered to do business in New York,

6

(4) does not have a registered agent in New York or any New York officers, employees or agents, (5) does not own or rent any real property within New York, (6) does not have a bank account in New York, (7) does not have a New York telephone listing, and (8) does not maintain any books or records in New York.  (Sokary Decl. ¶¶5; 6).  Consequently, there is no basis to exercise personal jurisdiction over AJMN pursuant to CPLR §301.  See, e.g., Thackurdeen, supra, 130 F.Supp.3d at 801; see also Meyer v. Bd. of Regents of Univ. of Oklahoma, No. 13 Civ. 3128 (CM), 2014 WL 2039654 (S.D.N.Y. May 14, 2014) (McMahon, J.) (finding no personal jurisdiction where "University maintains no bank accounts in New York; owns no real estate in New York; has no offices in New York; has no employees in New York; has no telephone or other similar contact in New York; and does not routinely conduct or solicit business in New York").

Plaintiff's sole basis for asserting jurisdiction over AJMN is his allegation that upon information and belief, AJAM is a subsidiary of AJMN.  (Compl. ¶6).  However, "the mere presence of a subsidiary in New York does not establish the parent's presence in the state." J.L.B. Equities, supra, 131 F.Supp.2d at 549 (citing Volkswagenwerk AG v. Beech Aircraft Corp., 751 F.2d 117, 120 (2d Cir. 1984).  See also Jazini v. Nissan Motor Co., 148 F.3d 181 (2d Cir. 1998);  Gundlach v. IBM Japan, Ltd., 983 F.Supp.2d 389, 395 (S.D.N.Y. 2013), aff'd 594 F. App'x 8 (2d Cir. 2014) (summary order).

For a New York court to exercise personal jurisdiction over a foreign parent, "the [New York] subsidiary must be either an 'agent' or a 'mere department' of the foreign parent."  Jazini, supra, 148 F.3d at 184; see also J.L.B. Equities, supra, 131 F.Supp.2d at 549.

With respect to the theory of agency, "[t]o be an agent of the parent, the plaintiff must show that the subsidiary 'does all the business which [the parent] could do were it here by its

7

own officials.'" J.L.B. Equities, 131 F.Supp.2d at 549 (citations omitted). Here, the Amended Complaint does not allege any facts to make such a showing. Nor has Plaintiff alleged that AJAM was created to carry on business on AJMN's behalf. The Amended Complaint simply does not allege a single fact demonstrating an agency relationship between AJAM and AJMN.

To the extent Plaintiff attempts to establish personal jurisdiction over AJMN by arguing that AJAM is a "mere department" of AJMN, Plaintiff must allege specific facts supporting the following four factors: (1) common ownership; (2) financial dependency of the subsidiary on the parent; (3) the degree to which the parent interferes in the selection and assignment of the subsidiary's personnel and fails to observe corporate formalities; and (4) the degree of control that the parent exercise over the subsidiary's marketing and operational policies. Beech Aircraft, supra, 751 F.2d at 120-122. Plaintiff's Amended Complaint does not allege any of these factors.

As set forth above, the Amended Complaint contains a number of admissions demonstrating that AJAM is a separate and distinct entity from AJMN. Based on the Amended Complaint, it is apparent that the alleged employment decisions which form the basis of Plaintiff's Complaint, were purportedly made by the officers and employees of AJAM. (Compl. ¶¶27; 33-34; 49-50; 51-53; 77-80). Plaintiff also concedes that he sought "clarification and guidance as to his role and obligations with AJAM" from AJAM's Human Resources Department in New York and California (Compl. ¶¶39-41), and that he performed consulting services for AJAM at the Company's Midtown Headquarters. (Compl. ¶66). While AJMN is randomly mentioned throughout the Amended Complaint, there are no facts pleaded to demonstrate that AJMN was involved in the complained-of conduct.

In sum, Plaintiff's conclusory allegations are insufficient to establish personal jurisdiction under CPLR §301. See TAGC Mgmt., LLC v. Lehman, 842 F.Supp.2d 575, 580 (S.D.N.Y.

2012). See also Schultz, 377 F.App'x at 103 (plaintiff's speculative assertion that Brazilian Bank engaged in solicitation in New York through various other companies was insufficient to vest the district court with personal jurisdiction under CPLR §301"); Jazini, supra, 148 F.3d at 185 ("conclusory statements—without any supporting facts—that Nissan U.S.A. is 'wholly controlled' by Nissan Japan and 'wholly dependent' on Nissan Japan" are insufficient to confer jurisdiction). Plaintiff's assertion of general personal jurisdiction over AJMN must therefore fail.

### 2. Plaintiff Has Failed To Establish Specific Jurisdiction Under CPLR §302

Plaintiff similarly has failed to allege any basis for the Court to exercise specific personal jurisdiction over AJMN under New York's long-arm statute, CPLR §302.

CPLR §302 provides, in relevant part:

> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, … who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. CPLR §302(a)(1)-(3).

Thus, to be subject to personal jurisdiction under CPLR §302(a)(1), a foreign corporation must transact business within the state, and the claim against the foreign corporation must arise out of that business activity.  J.L.B. Equities, 131 F.Supp.2d at 550.  As discussed above, AJMN does not currently, and did not at any time relevant to the action, conduct business in New York. (Sokary Decl. ¶5).  Plaintiff's Amended Complaint alleges that Plaintiff "was an employee of Al Jazeera America ("AJAM") and Al Jazeera Media Network (AJMN)" (Compl. ¶¶3; 48).  Short of this wholly conclusory statement, Plaintiff has alleged no facts tending to demonstrate that AJMN engaged in a single business transaction within New York, let alone had any connection to the alleged conduct that forms the basis of his Amended Complaint.  Consequently, there is no basis for asserting jurisdiction under CPLR §302(a)(1).

Furthermore, CPLR §302(a)(2) provides personal jurisdiction over a foreign corporation which "commits a tortious act within the state" of New York, unless the act is one of defamation. N.Y. CPLR §302(a)(2).  The Second Circuit has interpreted CPLR §302(a)(2) to require that the tortious act itself physically be performed within New York State.  See  Bensusan Restaurant Corp v. King, 125 F.3d 25, 29 (2d Cir. 1997) (holding that the defendant must commit the tort while physically present in New York State).  Here, the Amended Complaint fails to allege that AJMN was physically present in New York to commit any alleged tort, defeating personal jurisdiction under CPLR §302(a)(2).  Indeed, as discussed above, AJMN does not maintain an office in New York and does not have a registered agent in New York or any New York officers, employees or agents.  As such, there is no basis for personal jurisdiction under CPLR §302(a)(2).

Finally, under CPLR 302(a)(3), personal jurisdiction may be invoked if a non-domiciliary "commits a tortious act without the state" injuring a person in New York and the non-domiciliary either (1) regularly does or solicits business in the state, or (2) derives substantial revenue from

10

interstate commerce and should reasonably expect the tortious act to have consequences in the state. N.Y. CPLR §302(a)(3). Even if the alleged facts constitute tortious acts by AJMN—and they do not—the Amended Complaint does not allege that the purported injury occurred in New York. In fact, Plaintiff concedes that: (1) he is a resident of the State of California (Compl. ¶2); (2) following his resignation from AJAM in February 2015, Plaintiff returned to California where he continued to provide consulting services to AJAM (Compl. ¶¶74-79); (3) while in California, Plaintiff received a verbal offer of full time employment from AJAM's Vice President of Human Resources in or about May of 2015 (Compl. ¶¶77-78); and (4) Plaintiff remained in California until his freelance assignment with AJAM ended in September 2015 (Compl. ¶¶82-95). These facts strongly undercut Plaintiff's argument that any injury somehow occurred in New York and clearly demonstrate that the critical events associated with the alleged injury occurred outside New York. See United Bank of Kuwait, PLC v. James M. Bridges, Ltd., 766 F.Supp. 113, 116 (S.D.N.Y. 1991) ("New York courts uniformly hold that the situs of a nonphysical, commercial injury is where the critical events associated with the dispute took place").

Moreover, even if the facts alleged constitute tortious acts committed outside of the state that caused an injury in New York, there is no allegation in the Amended Complaint that AJMN either engaged in regular business or derived substantial revenue from interstate commerce sufficient to find jurisdiction under section 302(a)(3). Thus, any claim to jurisdiction under CPLR §302(a)(3) must fail.

As Plaintiff has failed to aver facts demonstrating there is any statutory basis for jurisdiction in New York over AJMN either under CPLR §301 or §302, the Amended Complaint

should be dismissed pursuant to Rule 12(b)(2). See, e.g., J.L.B. Equities, supra, 131 F.Supp.2d at 553 (granting motion to dismiss for lack of personal jurisdiction).

### B. The Exercise Of Personal Jurisdiction Over AJMN Would Be Inconsistent With Constitutional Due Process

Even if Plaintiff could establish that a basis exists under the CPLR to exercise personal jurisdiction over AJMN - and he cannot - the assertion of jurisdiction would be inconsistent with constitutional due process.

If a New York court finds that the CPLR confers a statutory basis for personal jurisdiction over a foreign defendant, the court must then conduct a second inquiry to determine whether the exercise of jurisdiction is consistent with constitutional due process. See, e.g., Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996); see also J.L.B. Equities, 131 F.Supp.2d at 547. The due-process inquiry itself has two components: the "minimum contacts" inquiry and the "reasonableness" inquiry. To satisfy the minimum contacts requirement, the plaintiff must demonstrate that the defendant "purposefully availed itself" of the privilege of doing business in the forum state and could "reasonably anticipate being haled into court there." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75, 105 S. Ct. 2174 (1985). Reasonableness, in turn, hinges on whether the assertion of jurisdiction comports with "traditional notions of fair play and substantial justice" and would be reasonable under the circumstances. See Int'l Shoe, supra, 326 U.S. at 316. For this reasonableness inquiry, a court considers the following factors: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiffs interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states

in furthering substantive social policies." Metropolitan Life, 84 F.3d at 567 (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113-14, 107 S. Ct. 1026 (1987)).

Plaintiff cannot meet his burden of establishing such "minimum contacts" as AJMN did not conduct any business in New York during the relevant timeframe.  (Sokary Decl. ¶¶5-7). AJMN is a Qatari corporation and has no meaningful or purposeful contacts with the State.  To that end, AJMN had no foreseeable expectation of being subjected to suit in New York – particularly in connection with the alleged conduct Plaintiff challenges in this action.

Moreover, to require AJMN to defend itself in this forum, distant from its home in Qatar, would be unreasonable.  Not only would requiring AJMN to litigate in New York impose a substantial burden on AJMN (which has no office, employees, or records in this State), but doing so would in no way further Plaintiff's interest in - or ability to - litigate his claims against AJAM, the alleged New York-based employer.

Accordingly, the exercise of personal jurisdiction over AJMN would not only be improper here as a matter of statutory law, but would also violate the due process guarantees set forth in the United States Constitution.  See, e.g., Metropolitan Life, 84 F.3d at 573-75 (holding that exercise of personal jurisdiction would violate due process because "the exercise of personal jurisdiction would be decidedly unreasonable"); see also Daimler, 134 S. Ct. at 751 (holding that due process does not permit exercise of personal jurisdiction over foreign corporation based on contacts of its in-state subsidiary).

## **CONCLUSION**

For the foregoing reasons, Defendant AJMN respectfully requests that this Court dismiss the Amended Complaint in its entirety, with prejudice, against AJMN pursuant to Fed. R. Civ. P. 12(b)(2), and grant such other and further relief as the Court deems just and proper.

Dated: October 25, 2016
New York, NY

**DLA PIPER LLP (US)**

By: */s/ Elena Chkolnikova*
 Elena Chkolnikova
 Elena.chkolnikova@dlapiper.com
 Joseph D. Guarino
 Joseph.guarino@dlapiper.com

 51 John F. Kennedy Parkway, Suite 120
 Short Hills, New Jersey 07078
 T: (973) 307-3046
 F: (973) 215-2810

 *Attorneys for Defendant*
 *Al Jazeera Media Network*