UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
EVAN ANDREWS,                          :
        Plaintiff,                 :   NO. 1:16-CV-06414-RJS
   -against-                          :
                                                                 **DEFENDANT AL JAZEERA**
AL JAZEERA MEDIA NETWORK             :  **AMERICA'S ANSWER AND**
("AJMN"), AL JAZEERA AMERICA            **AFFIRMATIVE DEFENSES TO**
("AJAM") AND INFINITY CONSULTING     :  **PLAINTIFF'S SECOND AMENDED**
SOLUTIONS ("ICS"),                      **COMPLAINT**
        Defendants.                :
------------------------------------- X

    Defendant Al Jazeera America ("AJAM"), by and through its attorneys, DLA Piper LLP (US), hereby responds to the Second Amended Complaint (the "Complaint") of Plaintiff Evan Andrews ("Plaintiff") as follows:

## ANSWER AS TO "NATURE OF THE ACTION"

    1.    AJAM denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring the instant action based on the claims set forth therein. By way of further response, AJAM denies that it has committed any violations of applicable law and further denies that Plaintiff is entitled to any relief whatsoever, including the relief requested in the Complaint.

## ANSWER AS TO "THE PARTIES"

    2.    AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

    3.    AJAM denies the allegations contained in Paragraph 3 of the Complaint.

4. AJAM denies the allegations contained in Paragraph 4 of the Complaint, except admits that Plaintiff was employed by Infinity Consulting Solutions ("ICS") for a period of time.

5. AJAM denies the allegations contained in Paragraph 5 of the Complaint, except admits that Al Jazeera Media Network ("AJMN") is a Qatari corporation with a principal place of business in Doha, Qatar.

6. AJAM admits the allegations contained in Paragraph 6 of the Complaint.

7. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

8. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

**ANSWER AS TO "VENUE"**

9. AJAM states that the allegations contained in Paragraph 9 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is warranted, AJAM denies the allegations contained in Paragraph 9 of the Complaint.

**ANSWER AS TO "JURISDICTION"**

10. AJAM states that the allegations contained in Paragraph 10 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is warranted, AJAM denies the allegations contained in Paragraph 10 of the Complaint.

11. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

12. AJAM states that the allegations contained in Paragraph 12 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is warranted, AJAM denies the allegations contained in Paragraph 12 of the Complaint.

13. AJAM admits the allegations contained in Paragraph 13 of the Complaint.

14. AJAM denies the allegations of Paragraph 14 of the Complaint, except admits that AJAM is a wholly-owned subsidiary of Al Jazeera America Holdings II, LLC, which, in turn, is an indirect wholly-owned subsidiary of AJMN.

15. AJAM denies the allegations contained in Paragraph 15 of the Complaint.

16. AJAM denies the allegations contained in Paragraph 16 of the Complaint.

17. AJAM denies the allegations contained in Paragraph 17 of the Complaint.

18. AJAM denies the allegations contained in Paragraph 18 of the Complaint.

19. AJAM denies the allegations contained in Paragraph 19 of the Complaint, except admits that AJMN has over 4,000 staff members throughout its offices and bureaus, none of whom are based in New York.

20. AJAM denies the allegations contained in Paragraph 20 of the Complaint.

21. AJAM denies the allegations contained in Paragraph 21 of the Complaint.

22. AJAM denies the allegations contained in Paragraph 22 of the Complaint.

23. AJAM denies the allegations contained in Paragraph 23 of the Complaint.

24. AJAM denies the allegations contained in Paragraph 24 of the Complaint.

25. AJAM denies the allegations contained in Paragraph 25 of the Complaint.

## ANSWER AS TO "STATEMENT OF FACTS"

26. AJAM denies the allegations contained in Paragraph 26 of the Complaint.

27. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

28. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

29. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

30. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto, except admits that Plaintiff worked for Current TV for a period of time.

31. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

32. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

33. AJAM denies the allegations contained in Paragraph 33 of the Complaint, except admits that Plaintiff had worked at Current TV for a period of time and that Plaintiff had been promoted to Vice President, Digital Research of AJAM in or about July 2013.

34. AJAM denies the allegations contained in Paragraph 34 of the Complaint, except admits, upon information and belief, that John Sollecito was Plaintiff's manager at Current TV for a period of time.

35. AJAM denies the allegations contained in Paragraph 35 of the Complaint.

36. AJAM denies the allegations contained in Paragraph 36 of the Complaint.

37. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

38. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

39. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

40. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

41. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto, except admits that Plaintiff was promoted to Vice President, Digital Research of AJAM in or about July 2013.

42. AJAM denies the allegations contained in Paragraph 42 of the Complaint.

43. AJAM denies the allegations contained in Paragraph 43 of the Complaint, except admits that Ehab Al Shihabi was the Interim Chief Executive Officer of AJAM in 2013.

44. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

45. AJAM denies the allegations contained in Paragraph 45 of the Complaint.

46. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

47. AJAM denies the allegations contained in Paragraph 47 of the Complaint.

48. AJAM denies the allegations contained in Paragraph 48 of the Complaint.

49. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

50. AJAM denies the allegations contained in Paragraph 50 of the Complaint.

51. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

52. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

53. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

54. AJAM denies the allegations contained in Paragraph 54 of the Complaint.

55. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

56. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

57. AJAM denies the allegations contained in Paragraph 57 of the Complaint.

58. AJAM denies the allegations contained in Paragraph 58 of the Complaint, except admits that Plaintiff resigned from AJAM in or about January 2014.

59. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

60. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

61. AJAM denies the allegations contained in Paragraph 61 of the Complaint, except admits that Luai Bashir ("Bashir") was employed by AJAM as Vice President Project Management & Business Intelligence and lacks knowledge or information sufficient to form a

belief as to the truth of the allegation that Plaintiff returned to California sometime in January of 2015, and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

62. AJAM denies the allegations contained in Paragraph 62 of the Complaint.

63. AJAM denies the allegations contained in Paragraph 63 of the Complaint.

64. AJAM denies the allegations contained in Paragraph 64 of the Complaint, except admits that, in early 2015, Plaintiff was offered a freelance assignment at AJAM for a limited duration.

65. AJAM denies the allegations contained in Paragraph 65 of the Complaint.

66. AJAM denies the allegations contained in Paragraph 66 of the Complaint.

67. AJAM denies the allegations contained in Paragraph 67 of the Complaint.

68. AJAM denies the allegations contained in Paragraph 68 of the Complaint, except admits that Plaintiff stayed at Bashir's apartment for a period of time.

69. AJAM denies the allegations contained in Paragraph 69 of the Complaint.

70. AJAM denies the allegations contained in Paragraph 70 of the Complaint, except admits upon information and belief that Plaintiff stayed at Bashir's apartment on a temporary basis for a limited period of time.

71. AJAM denies the allegations contained in Paragraph 71 of the Complaint.

72. AJAM denies the allegations contained in Paragraph 72 of the Complaint.

73. AJAM denies the allegations contained in Paragraph 73 of the Complaint.

74. AJAM denies the allegations contained in Paragraph 74 of the Complaint.

75. AJAM denies the allegations contained in Paragraph 75 of the Complaint.

76. AJAM denies the allegations contained in Paragraph 76 of the Complaint.

77. AJAM denies the allegations contained in Paragraph 77 of the Complaint.

78. AJAM denies the allegations contained in Paragraph 78 of the Complaint.

79. AJAM denies the allegations contained in Paragraph 79 of the Complaint.

80. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

81. AJAM denies the allegations contained in Paragraph 81 of the Complaint.

82. AJAM denies the allegations contained in Paragraph 82 of the Complaint.

83. AJAM denies the allegations contained in Paragraph 83 of the Complaint.

84. AJAM denies the allegations contained in Paragraph 84 of the Complaint.

85. AJAM denies the allegations contained in Paragraph 85 of the Complaint.

86. AJAM denies the allegations contained in Paragraph 86 of the Complaint.

87. AJAM admits the allegations of Paragraph 87 of the Complaint.

88. AJAM denies the allegations contained in Paragraph 88 of the Complaint, except admits that the offer of employment that was extended to Plaintiff — and which was not accepted by Plaintiff — was subsequently placed on hold as a result of a change in leadership at AJAM that occurred in May 2015.

89. AJAM denies the allegations contained in Paragraph 89 of the Complaint.

90. AJAM denies the allegations contained in Paragraph 90 of the Complaint.

91. AJAM denies the allegations contained in Paragraph 91 of the Complaint.

92. AJAM denies the allegations contained in Paragraph 92 of the Complaint.

93. AJAM denies the allegations contained in Paragraph 93 of the Complaint.

94. AJAM denies the allegations contained in Paragraph 94 of the Complaint.

95. AJAM denies the allegations contained in Paragraph 95 of the Complaint.

96. AJAM denies the allegations contained in Paragraph 96 of the Complaint.

97. AJAM denies the allegations contained in Paragraph 97 of the Complaint.

98. AJAM denies the allegations contained in Paragraph 98 of the Complaint.

99. AJAM denies the allegations contained in Paragraph 99 of the Complaint.

100. AJAM denies the allegations contained in Paragraph 100 of the Complaint.

101. AJAM denies the allegations contained in Paragraph 101 of the Complaint.

102. AJAM denies the allegations contained in Paragraph 102 of the Complaint.

103. AJAM denies the allegations contained in Paragraph 103 of the Complaint.

104. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

105. AJAM denies the allegations contained in Paragraph 105 of the Complaint, except admits that Plaintiff's freelance assignment with AJAM ended in September 2015.

106. AJAM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and, accordingly, denies same and puts Plaintiff to his proofs with respect thereto.

### ANSWER AS TO "FIRST CAUSE OF ACTION
### Breach of Contract Against AJMN and AJAM"

107. AJAM repeats and realleges its responses to the allegations contained in Paragraphs 1 through 106 of the Complaint with the same force and effect as if set forth fully herein.

108. AJAM denies the allegations contained in Paragraph 108 of the Complaint.

109. AJAM denies the allegations contained in Paragraph 109 of the Complaint.

110. AJAM denies the allegations contained in Paragraph 110 of the Complaint.

111. AJAM denies the allegations contained in Paragraph 111 of the Complaint.

112. AJAM denies the allegations contained in Paragraph 112 of the Complaint.

113. AJAM denies the allegations contained in Paragraph 113 of the Complaint.

### ANSWER AS TO "SECOND CAUSE OF ACTION
### Breach of the Duty of Good Faith and Fair Dealing"

114. AJAM repeats and realleges its responses to the allegations contained in Paragraphs 1 through 113 of the Complaint with the same force and effect as if fully set forth herein.

115. AJAM states that the allegations contained in Paragraph 115 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is warranted, AJAM denies the allegations contained in Paragraph 115 of the Complaint.

116. AJAM denies the allegations contained in Paragraph 116 of the Complaint.

117. AJAM denies the allegations contained in Paragraph 117 of the Complaint.

118. AJAM denies the allegations contained in Paragraph 118 of the Complaint.

119. AJAM denies the allegations contained in Paragraph 119 of the Complaint.

120. AJAM denies the allegations contained in Paragraph 120 of the Complaint.

### ANSWER AS TO "THIRD CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH CONTRACT"

121. AJAM repeats and realleges its responses to the allegations contained in Paragraphs 1 through 120 of the Complaint with the same force and effect as if fully set forth herein.

122. AJAM denies the allegations contained in Paragraph 122 of the Complaint.

123. AJAM denies the allegations contained in Paragraph 123 of the Complaint.

## ANSWER AS TO "FOURTH CAUSE OF ACTION
PRIMA FACIE TORT"

124. AJAM repeats and realleges its responses to the allegations contained in Paragraphs 1 through 123 of the Complaint with the same force and effect as if fully set forth herein.

125. AJAM denies the allegations contained in Paragraph 125 of the Complaint.

126. AJAM denies the allegations contained in Paragraph 126 of the Complaint.

127. AJAM denies the allegations contained in Paragraph 127 of the Complaint.

128. AJAM denies the allegations contained in Paragraph 128 of the Complaint.

129. AJAM denies the allegations contained in Paragraph 129 of the Complaint.

## ANSWER AS TO "FIFTH CAUSE OF ACTION
WRONGFUL TERMINATION"

130. AJAM repeats and realleges its responses to the allegations contained in Paragraphs 1 through 129 of the Complaint with the same force and effect as if set forth fully herein.

131. AJAM denies the allegations contained in Paragraph 131 of the Complaint.

132. AJAM denies the allegations contained in Paragraph 132 of the Complaint.

133. AJAM denies the allegations contained in Paragraph 133 of the Complaint.

134. AJAM denies the allegations contained in Paragraph 134 of the Complaint.

## ANSWER AS TO "SIXTH CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMMOTIONAL [sic] DISTRESS"

135. AJAM repeats and realleges its responses to the allegations contained in Paragraphs 1 through 134 of the Complaint with the same force and effect as if set forth fully herein.

136. AJAM denies the allegations contained in Paragraph 136 of the Complaint.

137. AJAM denies the allegations contained in Paragraph 137 of the Complaint.

138. AJAM denies the allegations contained in Paragraph 138 of the Complaint.

139. AJAM denies the allegations contained in Paragraph 139 of the Complaint.

140. AJAM denies the allegations contained in Paragraph 140 of the Complaint.

141. AJAM denies the allegations contained in Paragraph 141 of the Complaint.

### ANSWER AS TO "SEVENTH CAUSE OF ACTION NEGLIGENT INFLICTION OF EMMOTIONAL [sic] DISTRESS"

142. AJAM repeats and realleges its responses to the allegations contained in Paragraphs 1 through 141 of the Complaint with the same force and effect as if set forth fully herein.

143. AJAM denies the allegations contained in Paragraph 143 of the Complaint.

144. AJAM denies the allegations contained in Paragraph 144 of the Complaint.

145. AJAM denies the allegations contained in Paragraph 145 of the Complaint.

### ANSWER AS TO "EIGHTH CAUSE OF ACTION PROMISSORY ESTOPPEL"

146. AJAM repeats and realleges its responses to the allegations contained in Paragraphs 1 through 145 of the Complaint with the same force and effect as if fully set forth herein.

147. AJAM denies the allegations contained in Paragraph 147 of the Complaint.

148. AJAM denies the allegations contained in Paragraph 148 of the Complaint.

149. AJAM denies the allegations contained in Paragraph 149 of the Complaint.

150. AJAM denies the allegations contained in Paragraph 150 of the Complaint.

### ANSWER AS TO "WHEREFORE" CLAUSE

AJAM denies that Plaintiff is entitled to relief of any kind, whether equitable or monetary, including the relief sought in the "wherefore" clause and its subparts.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be rewarded.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff has not satisfied all of the conditions precedent and procedural prerequisites to maintaining this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because all of AJAM's employment decisions regarding Plaintiff were based on legitimate non-discriminatory business considerations, and were in no way based on Plaintiff's race or ethnicity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

All of AJAM's employment decisions regarding Plaintiff were based on legitimate, non-retaliatory business considerations, and were in no way based on any complaint of unlawful conduct or protected activity by Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

At all times relevant, AJAM had in place and continues to have in place policies expressly prohibiting all forms of discrimination, harassment and retaliation in the workplace (hereinafter, "EEO Policies"). AJAM's EEO Policies were, and continue to be, widely distributed to its employees, including Plaintiff. The EEO Policies contain effective complaint

procedures and non-retaliation provisions, and are adhered to by AJAM. To the extent Plaintiff experienced or believes he experienced discrimination and/or retaliation of any kind, his claims are barred, in whole or in part, due to his unreasonable failure to avail himself of the preventative and remedial measures made available to him by AJAM.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

At all relevant times, Plaintiff was an employee of ICS, and not an employee of AJAM.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Frauds.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims are barred because no contract as averred in the Complaint was breached.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Defendant's actions with respect to Plaintiff, including any alleged interference by Defendant, were taken in good faith and were not motivated by malice or an intent to injure Plaintiff.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendant's actions with respect to Plaintiff, including any alleged interference by Defendant, were either justified or protected by a qualified privilege.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint would constitute unjust enrichment to Plaintiff.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of impossibility, commercial impracticability and frustration of purpose.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported causes of action are barred, in whole or in part, to the extent that Plaintiff has not suffered any injury or damages.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The damages Plaintiff complained of, which damages are denied, were not caused by AJAM's conduct or action and are the result of Plaintiff's own conduct and are not attributable to AJAM.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages, which damages are denied, any such damages are barred and/or must be reduced on account of Plaintiff's failure to take reasonable steps to mitigate any such damages.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead facts necessary to sustain a claim for punitive damages or equitable relief.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff claims punitive damages, those claims are barred in that AJAM did not act willfully, outrageously, or with malice or reckless indifference toward Plaintiff.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Some or all of the claims in Plaintiff's Complaint are limited and/or barred as duplicative causes of action which, if allowed to be asserted at trial, would expose Defendant to the potential for double recovery.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

AJAM intends to rely upon any other defense that may become available during the proceedings in this case, and hereby reserves its right to amend its Answer to assert any such defense(s) and further reserves its right to assert additional Affirmative Defenses as Plaintiff's claims are clarified in the course of this litigation.

WHEREFORE, Defendant respectfully requests that the Court:

A.  Dismiss the Second Amended Complaint in its entirety, with prejudice;

B.  Deny each and every demand and request for relief contained in the Second Amended Complaint;

C.  Award Defendant its costs and reasonable attorneys' fees; and

D.  Award Defendant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: Short Hills, New Jersey<br>November 21, 2016 | Respectfully submitted,<br><br>DLA PIPER LLP (US)<br><br><br>By: /s/ Elena Chkolnikova<br>　　Elena Chkolnikova<br>　　elena.chkolnikova@dlapiper.com<br>　　51 John F. Kennedy Parkway, Suite 120<br>　　Short Hills, NJ  07078-2704<br>　　T: (973) 520-2550<br>　　F: (973) 520-2551<br><br>　　*Attorneys for Defendant*<br>　　*Al Jazeera America, LLC ("AJAM")* |