UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
EVAN ANDREWS,                         :
                                      
      Plaintiff,                    :

  -against-                          :  CIVIL ACTION NO.  1:16-CV-06414-RJS

AL JAZEERA MEDIA NETWORK              :
("AJMN"), AL JAZEERA AMERICA
("AJAM") AND INFINITY CONSULTING      :
SOLUTIONS ("ICS"),
                                      :
      Defendants.
------------------------------------- X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
AL JAZEERA MEDIA NETWORK'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2)**

**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey 07078
T: (973) 307-3046
F: (973) 215-2810

*Attorneys for Defendant*
*Al Jazeera Media Network*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL ARGUMENT ..................................................................................................................... 2

    POINT I:   The Exercise Of Personal Jurisdiction Over AJMN Would Be Improper As A Matter Of Statutory Law ......................................................... 2

        A.    AJMN's Passive Website Is Not Sufficient To Confer Jurisdiction Under CPLR §301 ................................................................................................ 2

        B.    Plaintiff Has Failed To Establish That AJAM Conducts Business In New York As AJMN's Agent Or "Mere Department" ......................... 4

        C.    Plaintiff Has Failed To Establish Specific Jurisdiction Under CPLR §302 ................................................................................................................ 7

    POINT II:  The Assertion Of Jurisdiction Over AJMN Would Violate Constitutional Due Process ........................................................................... 8

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

<u>American Homecare Fed'n, Inc. v. Paragon Sci. Corp.</u>,
   27 F. Supp. 2d 109 (D. Conn. 1998) ................................................................................3

<u>Bensusan Restaurant Corp. v. King</u>,
   937 F. Supp. 295 (S.D.N.Y. 1996), <u>aff'd</u>, 126 F.3d 25 (2d Cir. 1997) .....................................9

<u>Citigroup Inc. v. City Holding Co.</u>,
   97 F. Supp. 2d 549 (S.D.N.Y. 2000) .............................................................................4, 3

<u>Drucker Cornell v. Assicurazioni Generali S.p.A. Consolidated</u>,
   2000 WL 284222 (S.D.N.Y. March 16, 2000) ...........................................................2, 4, 7

<u>Fischer v. Stuglitz</u>,
   2016 WL 3223627 (S.D.N.Y. June 6, 2008) ....................................................................2

<u>Holey Soles Holdings, Ltd. v. Foam Creations, Inc.</u>,
   2006 WL 1147963 (S.D.N.Y. May 1, 2006) ..................................................................2, 3

<u>Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.</u>,
   84 F.3d 560 (2d Cir. 1996) ...........................................................................................9

<u>Spencer Trask Ventures v. Archos S.A.</u>,
   2002 WL 417192 .........................................................................................................2

**STATUTES**

CPLR §301 ....................................................................................................2, 3, 4, 7

CPLR §302 .......................................................................................................2, 4, 7

CPLR §302(a)(1) ..................................................................................................7, 8

CPLR §302(a)(2) ......................................................................................................7

CPLR §302(a)(3) ......................................................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(2) .........................................................................................1, 10

United States Constitution ........................................................................................9

**PRELIMINARY STATEMENT**

Defendant Al Jazeera Media Network ("AJMN"), by and through its attorneys DLA Piper LLP (US), submits this reply memorandum of law in further support of its motion to dismiss the Second Amended Complaint of Plaintiff Evan Andrews ("Plaintiff") for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) (the "Motion").

Nothing in Plaintiff's opposition papers changes the fact that AJMN, a Qatari corporation with a principal place of business in Doha, Qatar, does not have sufficient connections to New York to be subject to jurisdiction here. Rather, Plaintiff argues that AJMN is subject to personal jurisdiction in New York because its subsidiary, Al Jazeera America, LLC ("AJAM"), conducts the parent's business as its agent or "mere department." Plaintiff's argument fails as a matter of law because it is premised on Plaintiff's mischaracterization of the content of AJMN's passive website, which provides no factual basis for exercising personal jurisdiction over AJMN, and on Plaintiff's self-serving Affidavit, which conclusory statements utterly lack foundation. Plaintiff has not presented a single competent fact which could demonstrate that AJAM conducts, or conducted at any relevant time, business in New York as an agent or mere department of AJMN.

Accordingly, Plaintiff's claims against AJMN should be dismissed as a matter of law.

**LEGAL ARGUMENT**

**POINT I**

**The Exercise Of Personal Jurisdiction Over AJMN
Would Be Improper As A Matter Of Statutory Law**

There is no basis for the Court to exercise personal jurisdiction over AJMN under either CPLR §301 (general jurisdiction) or CPLR §302 (specific jurisdiction). The Complaint should be dismissed as a matter of law.

    A.    **AJMN's Passive Website Is Not Sufficient to Confer Jurisdiction Under CPLR §301**

Plaintiff argues in his opposition that AJMN "engages in a continuous and systematic course of 'doing business' in New York" by virtue of its website, which allegedly "permits the exchange of information between the users" in New York and AJMN and "boasts itself as a 'truly global network.'" (Opposition, pp. 6-8). This contention is without merit and contradicted by applicable law.

It is well-settled that "[t]he fact that a foreign corporation has a website accessible to New York is insufficient to confer jurisdiction under C.P.L.R. §301 unless that website is purposefully directed towards New York." Holey Soles Holdings, Ltd. v. Foam Creations, Inc., 2006 WL 1147963, at *4 (S.D.N.Y. May 1, 2006). See also Fischer v. Stuglitz, 2016 WL 3223627 (S.D.N.Y. June 6, 2008) (granting motion to dismiss for lack of personal jurisdiction where defendants' website was not "purposefully directed towards New York"); Spencer Trask Ventures v. Archos S.A., 2002 WL 417192, at **6-7 (S.D.N.Y. March 18, 2002) ("[T]he fact that a foreign corporation has a website accessible in New York is insufficient to confer jurisdiction under CPLR §301"); Drucker Cornell v. Assicurazioni Generali S.p.A. Consolidated, 2000 WL 284222, at *2 (S.D.N.Y. March 16, 2000) ("A firm does not 'do business' in New

2

York simply because New York citizens can contact the firm via the worldwide web"). Where, as here, "the website allows anyone with an Internet connection around the globe to learn more about [Defendant's] products," the website is "not purposefully directed towards New York" to confer jurisdiction. Holey Soles Holdings, Ltd., supra, 2006 WL 1147963, at *4. "If such a website gave rise to general jurisdiction, then millions of [businesses] located throughout the globe could be haled into New York courts for any claim brought against them by any party; such a finding would contravene the purposefully narrow reach and long-standing stringent application of C.P.L.R. § 301." Ibid. Notably, Plaintiff does not contend that the website was created in New York, or that the server on which the site exists and from which it is accessed is located in New York. Nor does Plaintiff present a single fact that could show that the website was purposefully directed toward New York.

Ironically, both cases Plaintiff relies on to advance his argument that this Court has personal jurisdiction over AJMN because AJMN maintains a website accessible to New Yorkers militate in favor of dismissing this action for lack of personal jurisdiction. Thus, In American Homecare, the District Court for the District of Connecticut expressly held that the defendant's website ***did not*** confer personal jurisdiction. American Homecare Fed'n, Inc. v. Paragon Sci. Corp., 27 F. Supp. 2d 109 (D. Conn. 1998). In doing so, the Court in American Homecare explained that jurisdiction was not created simply because the defendant had a website "accessible to users in foreign jurisdictions" that "ma[de] information available to those who are interested in it." Ibid. Also, the Court in Citigroup Inc., the other decision on which Plaintiff relies, noted that websites where an entity simply "makes information available…[are] analog[ous] to an advertisement in a nationally-available magazine or newspaper," and "do[]

3

not…justify the exercise of jurisdiction over the defendant." <u>Citigroup Inc. v. City Holding Co.</u>, 97 F. Supp. 2d 549 (S.D.N.Y. 2000).

In sum, Plaintiff's opposition fails to aver any competent facts showing that AJMN is engaged in a continuous and systematic business in New York which would warrant a finding of general jurisdiction under CPLR §301.

### B. Plaintiff Has Failed To Establish That AJAM Conducts Business In New York As AJMN's Agent Or "Mere Department"

Unable to show AJMN's actual presence in New York, Plaintiff argues, in a conclusory fashion, that AJMN is subject to personal jurisdiction in New York because AJAM is an agent or a "mere department" of AJMN. (Opposition, pp. 7-8). "[L]egal conclusions done up as factual allegations are not facts and cannot substitute for facts." <u>Drucker Cornell</u>, <u>supra</u>, 2000 WL 284222, at *2. Plaintiff's argument should be rejected as it conflates the two legal standards, provides no specific facts that could show such a relationship between AJAM and AJMN, and is incorrectly addressed under CPLR §302. (Opposition, pp. 9-11).

First, Plaintiff has failed to present a single competent fact which could demonstrate that AJAM conducts, or conducted at any relevant time, business in New York as an agent for AJMN. In contrast, the declaration submitted in support of AJMN's Motion clearly demonstrates that when AJAM was in operation, it had its own broadcasting license and supplied broadcasting content to American audiences only – it did not provide broadcasting content to AJMN and its content was not broadcast on AJMN channels. (Sokary Decl. ¶10). In addition, the declaration specifically distinguishes between AJMN's "bureaus" or "offices" and its subsidiaries, such as AJAM:

- AJMN has more than 4,000 staff members throughout its offices and bureaus worldwide—this number does <u>not</u> include staff members of AJMN's subsidiaries (Sokary Decl. ¶7);

4

- AJMN's offices or bureaus do not have independent licenses to broadcast and are funded by AJMN to gather content for AJMN's channels; whereas AJMN's subsidiaries have their own licenses and gather content for their own use—they do not provide broadcasting content to AJMN (Sokary Decl. ¶¶8-9);

- AJAM is a New York-based subsidiary of AJMN, and <u>not</u> its bureau or office (Decl. ¶10); and

- AJMN does not have an office in New York (Sokary Decl. ¶5).

Despite this clear distinction between a bureau and a subsidiary, Plaintiff's opposition papers repeatedly and misleadingly refer to AJAM as a "bureau" or "office" of AJMN to create the illusion of an agency relationship between the two companies where none actually exists.

Second, Plaintiff has also failed to present any competent facts showing that AJAM was a "mere department" of AJMN.  Plaintiff's Affidavit conclusively and incorrectly asserts that "AJMN exercised complete control and domination over AJAM," and that it "did not hold any corporate meetings, did not have any independent source of funds and did not generate revenue and did not hire employees or pay salaries to employees."  (Plaintiff's Affidavit ¶22).  These conclusory statements are not competent facts and should be disregarded by the Court.  Notably, during the relevant time period, Plaintiff was a temporary freelancer at AJAM and would not have been privy to any sensitive information pertaining to the Company's financial records, human resources information, payroll, or contracts.

In contrast, the competent facts on the record demonstrate that AJMN and AJAM are two distinct corporate entities.  (Sokary Decl. ¶¶12; 13).  Among other things, until the shutdown of AJAM's cable television and digital operations in April 2016 (which is a decision that was made by AJAM's Board of Directors and announced by AJAM's CEO), AJAM had its own broadcasting license, supplied broadcasting content to American audiences only and did not provide broadcasting content to AJMN.  (Sokary Decl. ¶¶7-11).  AJAM also had its own

financial department, bank account and payroll, filed its own financial statements and tax returns independent of AJMN and set its own annual budget. (Sokary Decl. ¶12). AJMN did not control day-to-day operations and management of AJAM and was not involved in the selection and hiring of AJAM's staff.  (Sokary Decl. ¶¶12; 13).

Unable to show that AJMN exerts any significant level of control on day-to-day operations of AJAM, Plaintiff again relies upon AJMN's website.  Specifically, Plaintiff attempts to show "control" based on the following content of AJMN's website:

> Each subsidiary in the Al Jazeera Media Network follows the same principles and values that inspire it to be challenging and bold, and provide a voice for the voiceless in some of the most underreported places on the planet. It's a responsibility shared by every employee at the Al Jazeera Media Network. (Aboushi Declaration, Exh. A).

Plaintiff cites no precedent for his argument – as there is none – that the existence of shared "principles and values" is somehow equivalent to a showing that the parent controls the subsidiary's marketing or operational activities.  This argument is not based in fact or law.

Equally unavailing is Plaintiff's conclusory and speculative assertion that AJMN controls AJAM because the two companies "share resources." (Plaintiff's Opposition, p. 3).  In support of this allegation, Plaintiff relies on a number of emails sent by employees of AJAM to various executives and employees of AJMN. (See Exhibit G to Aboushi Decl.)  Even a cursory review of these emails demonstrates that no direction or guidance, whatsoever, was provided by anyone at AJMN in response to AJAM's emails.  (See Exh. G to Aboushi Decl., pp. 1-5).  Also, AJAM's emails seeking assistance from AJMN's bureaus in Europe in locating a camera crew for a one-day shoot in Greece can hardly be deemed as an approval request to AJMN, as Plaintiff's opposition papers seem to imply.  (See Exh. G to Aboushi Decl., pp. 6-13).

Common ownership and funding are the only meaningful connections alleged between AJMN and AJAM in Plaintiff's opposition papers. However, resting as he does on these sparse allegations, Plaintiff's claim that AJAM is a "mere department" of AJMN fails. See Drucker Cornell, supra, 2000 WL 284222, at *5 (holding that consolidated financial reporting and common ownership were insufficient to sustain the plaintiff's "mere department" claim).

Therefore, Plaintiff's conclusory allegations are insufficient to establish general personal jurisdiction under CPLR §301.

### C.     Plaintiff Has Failed To Establish Specific Jurisdiction Under CPLR §302

Plaintiff's opposition have similarly failed to allege any basis for the Court to exercise specific personal jurisdiction over AJMN under CPLR §302.

Plaintiff's opposition papers do not dispute that there is no basis for personal jurisdiction over AJMN for any alleged tortious acts committed within the State of New York under CPLR §302(a)(2) or any alleged tortious acts committed without the State of New York under CPLR §302(a)(3). Rather, Plaintiff argues that AJMN should be subject to specific personal jurisdiction under CPLR §302(a)(1) because Plaintiff "was subject to constant breaches of the terms of his employment and a hostile work environment in the New York office." (Opposition, p. 11). Plaintiff's argument is meritless.

As discussed above and in AJMN's moving brief, AJMN does not currently, and did not at any time relevant to the action, conduct business in New York. (Sokary Decl. ¶5). Short of the entirely conclusory allegation that he was an employee of AJMN and AJAM, (Compl. ¶¶3; 48), Plaintiff has alleged no competent facts tending to demonstrate that AJMN engaged in a single business transaction within New York, let alone had any connection to the alleged

7

"breaches of the terms of his employment" or a "hostile work environment in the New York office."

Indeed, the Second Amended Complaint contains a number of critical admissions demonstrating that AJMN had no connection, whatsoever, to the alleged conduct that forms the basis of the Complaint. For instance, it is apparent from the face of the Complaint that the alleged employment decisions which form the basis of Plaintiff's claims, were purportedly made by the officers and employees of AJAM. (Compl. ¶¶37; 43-44; 59-60; 51-63; 87-90). Plaintiff also concedes that he sought "clarification and guidance as to his role and obligations with AJAM" from AJAM's Human Resources Department in New York and California (Compl. ¶¶49-51), that he performed consulting services for AJAM at the Company's Midtown Headquarters (Compl. ¶76), and that the alleged hostile work environment was purportedly created by the officers and employees of AJAM (Compl. ¶73).

While Plaintiff's opposition uses the term "Defendants," in the plural, in addressing the complained-of conduct, there are simply no facts pleaded to demonstrate that AJMN was involved in any of such conduct. Consequently, there is no basis for asserting jurisdiction under CPLR §302(a)(1).

### POINT II

### The Assertion Of Jurisdiction Over AJMN Would Violate Constitutional Due Process

Even if Plaintiff could establish that a basis exists under the CPLR to exercise personal jurisdiction over AJMN - and he cannot – asserting jurisdiction would violate constitutional due process.

Indeed, Plaintiff's opposition fails to show that AJMN has done anything to purposefully avail itself of the benefits of New York. AJMN, like many other multinational businesses,

8

simply created a passive website and permitted anyone who could find it to access it. Plaintiff does not – and cannot – show that AJMN has actively sought to encourage New Yorkers to access the site, or that it conducted any business, let alone a continuous and systematic part of its business, in New York. Other than the website accessible worldwide, AJMN has no presence of any kind in New York. (Sokary Decl. ¶¶5-7). To that end, AJMN had no foreseeable expectation of being subjected to suit in New York – particularly in connection with the alleged conduct Plaintiff challenges in this action. See, e.g., Bensusan Restaurant Corp. v. King, 937 F. Supp. 295, 300-301 (S.D.N.Y. 1996), aff'd, 126 F.3d 25 (2d Cir. 1997).

Moreover, to require AJMN to defend itself in this forum, distant from its home in Qatar, would be unreasonable because AJMN has no office, employees or records in this State. Relying on the decision of the Second Circuit in Metropolitan Life Ins. Co., Plaintiff argues in his opposition that any burden on AJMN in defending a lawsuit in New York is alleviated by "the conveniences of modern communication and transportation[.]" Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 574 (2d Cir. 1996). Plaintiff's reliance on Metropolitan Life Ins. Co. is misplaced as the decision merely addresses the burden faced by a Delaware corporation in litigating an action in Vermont. Id. at 564. The burdens presented to AJMN, a Qatari corporation, to litigate this action in New York are far greater than those faced by the Metropolitan Life defendant. Nor does New York have any interest in providing redress to Andrews, who, by its own admission, is a resident of the State of California. (Compl. ¶2).

Accordingly, the exercise of personal jurisdiction over AJMN would violate the due process guarantees set forth in the United States Constitution.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in AJMN's moving papers, AJMN respectfully requests that this Court dismiss the Second Amended Complaint in its entirety, with prejudice, against AJMN pursuant to Fed. R. Civ. P. 12(b)(2), and grant such other and further relief as the Court deems just and proper.

Dated: December 13, 2016
New York, NY

        **DLA PIPER LLP (US)**

        By:/s/ *Elena Chkolnikova*
        Elena Chkolnikova

        Elena.chkolnikova@dlapiper.com
        Joseph D. Guarino
        Joseph.guarino@dlapiper.com

        51 John F. Kennedy Parkway, Suite 120
        Short Hills, New Jersey 07078
        T: (973) 307-3046
        F: (973) 215-2810

        *Attorneys for Defendant*
        *Al Jazeera Media Network*